UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRMA PERDOMO,

    Plaintiff,

v.                                                                              Case No. 8:21-cv-1174-VMC-CPT

TK ELEVATOR CORPORATION,

    Defendant.
_____/

**O R D E R**

Before the Court is the parties' *Joint Motion to Restrict Access or Strike Improperly Filed Documents*. (Doc. 43). For the reasons discussed below, the parties' motion is granted in part and denied in part.

On April 19, 2022, the Plaintiff filed a response to the Defendant's pending motion for summary judgment, along with a number of accompanying exhibits. (Doc. 39). Three of those exhibits—exhibits 1, 8, and 22—are at issue here. (Doc. 43).

In the instant motion, the parties stipulate that the Plaintiff should have filed redacted or sealed versions of exhibits 8 and 22 in accordance with the parties' confidentiality agreement. (Docs. 42, 43). The parties advise, however, that they have not reached an agreement as to whether exhibit 1—a deposition transcript—should also have been sealed in whole or in part. (Doc. 43). The parties now ask that the

Court either strike or restrict the public's access to all three exhibits until the Plaintiff files versions of those documents with the confidential information redacted or, alternatively, files the original exhibits under seal. *Id.*

Upon due consideration of the matter, the Court grants the parties' request to the extent that they seek to strike exhibits 1, 8, and 22 (Docs. 39-1, 39-8, 39-22) in their entirety. The Court does so based on the parties' representation that these items were mistakenly filed.[1] And, for the reasons stated below, the Court also strikes the redacted versions of these exhibits previously filed by the parties. *See* (Docs. 41-1, 41-2).

Should the parties wish to replace exhibits 1, 8, and 22 with versions of those documents that are sealed in whole or in part, they must do so by way of a written motion that addresses the applicability of Local Rule 1.11 and the related language in the Court's Case Management and Scheduling Order (CMSO) (Doc. 12). Rule 1.11 states, in pertinent part:

> Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

*See* M.D. Fla. R. 1.11(a). The relevant language in the Court's CMSO observes:

> Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are

---

[1] It bears emphasizing that the striking of these exhibits means they are no longer before the Court for purposes of evaluating the merits of the Defendant's summary judgment motion.

confidential.  Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.11.

(Doc. 12 at 5).

Accordingly, it is hereby ORDERED:

1. The parties' *Joint Motion to Restrict Access or Strike Improperly Filed Documents* (Doc. 43) is granted in part and denied in part as described above.

2. The Clerk of Court is directed to strike exhibits 1, 8, and 22 (Docs. 39-1, 39-8, 39-22, 41-1, 41-2) to the Plaintiff's response to the Defendant's motion for summary judgment and to remove the images associated with those filings from the docket.

3. In light of the upcoming trial in this matter, **no later than noon on May 5, 2022**, the parties shall file any motion to replace exhibits 1, 8, and 22 with versions of those documents that are redacted in whole or in part.  As noted above, any such motion shall address the applicability of Local Rule 1.11 and the related language in the Court's CMSO (Doc. 12).

SO ORDERED in Tampa, Florida, this 29th day of April 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record