```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

IRMA PERDOMO,

    Plaintiffs,
v.                             Case No. 8:21-cv-1174-VMC-CPT

TK ELEVATOR CORPORATION
a/k/a THYSSENKRUPP ELEVATOR
CORPORATION a/k/a THYSSEN
ELEVATOR COMPANY,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Christopher P. Tuite's Report and Recommendation (Doc. # 63), filed on July 22, 2022, recommending that Defendant TK Elevator Corporation's Motion for Summary Judgment against Plaintiff Irma Perdomo (Doc. # 31) be granted.

Ms. Perdomo filed a pro se objection, asking that summary judgment be denied. (Doc. # 89). TKE responded on December 9, 2022 (Doc. # 92), and Ms. Perdomo replied on January 3, 2023, after the Court granted her leave to do so. (Doc. # 98). Upon review, the Court adopts the Report and Recommendation in full and overrules Ms. Perdomo's objection.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions, and recommendations, and giving *de novo* review to matters of fact and law, the Court accepts the factual findings and legal conclusion of the Magistrate Judge and overrules Ms. Perdomo's objection.

In her objection, Ms. Perdomo "apologize[s] on behalf of my former attorney and myself for not providing and citing the necessary documents to prove" her case in her response to

TKE's Motion for Summary Judgment. (Doc. # 89 at 1).Notably, she states that "[t]he Magistrate was correct about the points in law," however, she notes that "he overlooked some factual evidence on file." (Id. at 27). To the extent she raises any new evidence in support of her claims, the Court will not credit it. Ms. Perdomo's original response to the Motion for Summary Judgment is replete with legal and factual arguments that are unsupported by any citations to case law or record evidence. The place to raise any arguments in opposition to summary judgment is the response to the motion for summary judgment — not in an objection after oral argument on the motion for summary judgment has been held and a Report and Recommendation issued by the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1291-92 (11th Cir. 2009) ("Because the magistrate judge system was created to help alleviate the workload of the district judges, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and — having received an unfavorable recommendation — shift gears before the district judge." (citation and internal quotation marks omitted)). The Court will not consider any new arguments when Ms. Perdomo failed to raise them at the appropriate time.

Regardless, the Court overrules the objection in full because it does not address any of the material findings of fact or law in the Report and Recommendation. The Court agrees with Judge Tuite that TKE is entitled to summary judgment on all six of Ms. Perdomo's discrimination and retaliation claims under Title VII and the Equal Pay Act. Ms. Perdomo states that Judge Tuite (1) misstated the number of MAX devices that needed to be ordered and installed, (2) misidentified her as a Regional Service Coordinator instead of MAX Project Manager, and (3) failed to acknowledge that her managers praised her job performance. (Doc. # 98 at 1-3).

Differences in education, experience, position, and geography were legitimate non-discriminatory reasons for TKE's decision to pay Richard Gibson a higher salary than Ms. Perdomo. Furthermore, Judge Tuite correctly concluded that Ms. Perdomo has not met her burden of showing that these reasons were pretextual. Ms. Perdomo does not address any of these reasons in her objection and instead focuses only on her contention that she assumed Mr. Gibson's role as a project manager. (Doc. # 89 at 3). She also does not address TKE's additional proffered reason for Mr. Gibson's higher salary – that he launched a new project and oversaw its development.

4

Judge Tuite is also correct in finding that Ms. Perdomo failed to rebut TKE's proffered legitimate non-retaliatory reasons in response to her retaliation claims. Indeed, she did not present any evidence that TKE's reason for terminating her (a nationwide reduction in its workforce) was pretextual.

Ms. Perdomo's objections do not address these material facts and findings in Judge Tuite's Report and Recommendation. Therefore, the Court will not reject the Report and Recommendation based on her objections.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 63) is **ADOPTED.**

(2) Defendant TK Elevator Corporation's Motion for Summary Judgment (Doc. # 31) is **GRANTED.**

(3) The Clerk is directed to enter judgment in favor of Defendant TK Elevator Corporation and against Plaintiff Irma Perdomo on all counts of the amended complaint.

(4) Thereafter, the Clerk is directed to terminate all pending motions and deadlines and **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of January, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE